FILED & JUDGMENT ENTERED
David E. Weich

Jan 18 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

In re:                                          )
                                                )
**STRIDEMARK, LLC**,                            )    **Chapter 7**
                                                )    **07-32287**
         Debtor.                                )
                                                )

## ORDER GRANTING RELIEF FROM AUTOMATIC STAY

      **THIS MATTER** came on before the undersigned United States Bankruptcy Judge upon the **Motion for Relief from Automatic Stay** filed by Tri-Lift NC, Inc. (Dkt. #36) (the "Motion") pursuant to 11 U.S.C. §362 and Rule 4001 of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rule 4001") seeking authority to recover its leased property from the Debtor. The Court having considered the Motion and the record in this case finds and concludes as follows:

      1.    On November 20, 2007, Stridemark, LLC d/b/a Component Concepts, Inc. ("Debtor" or "Stridemark" or "Lessee") filed a petition for relief under Chapter 7 of the Bankruptcy Code.

      2.    A. Burton Shuford was appointed Chapter 7 Trustee ("Trustee") and continues to serve in that capacity.

      3.    This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. Pursuant to 28 U.S.C. §157(b), this is a core proceeding.

      4.    Stridemark is a lessee pursuant to three (3) equipment leases (the "Leases") with Tri-Lift NC, Inc. ("Tri-Lift" or "Movant"). Tri-Lift leased to Stridemark six (6) Mitsubishi and three (3) Rol-Lift electric forklifts, each with a battery and charger (the "Leased Property"). The Leases and Leased Property are more specifically described in the Motion and the supporting documents.

5.      Tri-Lift filed the Motion on December 28, 2007.  Tri-Lift filed a Notice of Opportunity for Hearing (the "Notice") and served the Notice to all interested parties on December 28, 2007.  The Notice indicated that any objection to the Motion must be filed on or before January 15, 2008 with the Court and served on the Movant and the Trustee, and that if no objections were filed within that time period, then the Court would consider the Motion without a hearing.  Notice was adequate and sufficient under the circumstances.

6.      No objection to the Motion was filed by any interested party, and the time within which objections must be filed has expired.

7.      Cause exists for modification of the automatic stay afforded by Section 362 of the Bankruptcy Code.

**NOW, THEREFORE**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion is granted, and the automatic stay afforded by Section 362 is modified to allow Tri-Lift NC, Inc. to exercise its state law rights as provided for under the Leases and state law including recovery of the Leased Property; and

**IT IS FURTHER ORDERED** that Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived thereby giving full force and effect to the Order upon entry by the Court.

**This Order has been signed electronically.**          **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**